**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/28/2017** at 10:02:20 AM
Clerk of the Superior Court
By Vicky Huang, Deputy Clerk

Jihad M. Smaili, Esq. [262219]
Adam K. Obeid, Esq. [247188]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
adam@smaililaw.com

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| RAFAEL FARIAS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CHAMBERLIN EDMONDS & ASSOCIATES, INC., a corporation form unknown; EMDEON, a corporate entity form unknown; CHANGE HEALTHCARE SOLUTIONS, a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 30-2017-00957945-CU-WT-CJC<br>Assigned for all purposes to the Judge David Chaffee<br><br>**COMPLAINT:**<br>1. Disability Discrimination in Violation of Gov. Code § 12940 *et seq.*<br>2. Failure to Accommodate Disability in Violation of Gov. Code § 12940(m)<br>3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>4. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>5. Retaliation in Violation of Gov. Code §12940(h)<br>6. Wrongful Termination<br>7. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

Plaintiff Rafael Farias (hereinafter "Plaintiff" and/or "Farias") alleges as follows:

## THE PARTIES

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual residing in the State of California.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Chamberlin Edmonds & Associates, Inc. ("CEA") is a corporation, form unknown, regularly conducting business in the State of California.

3.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Emdeon ("Emdeon") is a corporation, form unknown, regularly conducting business in the State of California.

4.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Change Healthcare Solutions ("CHS") is a corporation, form unknown, regularly conducting business in the State of California.

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

6.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to CEA, Emdeon, CHS, and also refers to all Defendants sued under fictitious names, jointly and severally.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.  Likewise,

Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

8.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

9.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.  Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

10.   Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

## VENUE AND JURISDICTION

11.   Venue is proper in this county and this Court has jurisdiction over this matter pursuant to *Code of Civil Procedure* §395 because Defendants are headquartered outside of the State of California, and, Defendants regularly transact business in multiple

counties in the State of California.

## **FACTUAL BACKGROUND**

12.    Plaintiff began working for Defendants on December 23, 2013 as a Resolve Application Specialist ("Patient Advocate").   For two years of service, Plaintiff was committed to Defendants, and especially to Defendants' patients.   Plaintiff's job duties included, without limitation, repetitive motion, lifting of moderately heavy objects, bending, stooping, grasping and fine manipulation.

13.    During Plaintiffs' employment with Defendants, Plaintiff was supervised by Zachery Douglas ("Douglas"), Defendants' regional manager.   In or about December 2013, Mr. Douglas contacted Plaintiff in order to continue Plaintiff's work as a Patient Advocate for Hollywood Presbyterian Medical Center ("Hospital") on behalf of Defendants. Mr. Douglas informed Plaintiff that he could work remotely from his home and spend 1 to 2 days a week at the Hospital.   Plaintiff accepted the offer and was provided with office equipment and granted remote access to the Hospital's computers via Defendants' network.   The workstation that Plaintiff was to occupy at the Hospital was an office with a computer.   However, after three months of working at the hospital, Plaintiff was moved to a cubicle workstation.   Plaintiff's position required him to use a computer, computer mouse, telephone, fax machine and to perform filing duties.   Plaintiff was also required to communicate with insurance providers, obtain records, updates, log entries, and billing.   Plaintiff's manager at the Hospital was Rudy Zamora ("Zamora").

14.    On or about March 1, 2014, Plaintiff suffered a cumulative injury while working at his workstation at the Hospital, causing pain and discomfort to his neck, both shoulders, mid and low back and right wrist.   Plaintiff reported the injury to Mr. Zamora. Plaintiff also informed Mr. Zamora that the workstation was too cramped for his work-related duties.   No medical treatment was afforded Plaintiff by Defendants.   No substantive adjustments to the workstation were made.   Plaintiff continuously complained to Mr. Zamora about the injury, need for treatment, and need for accommodation to his workspace.

Smith & Associates, P.C.

15.    In or about February 2015, the regional manager, Mr. Douglas, was replaced by Nicholas Alderson ("Alderson").  Mr. Alderson told Plaintiff that he could no longer work remotely from his home and required Plaintiff to work at the Hospital 5 days a week.  Plaintiff informed Mr. Alderson of the ongoing problem with his workstation, his injury, and that he did not have any problems working from his home, and that there were no issues at the Hospital that required him to be at the Hospital for more than two days per week.  Mr. Alderson ignored Plaintiff's concerns, and insisted that Plaintiff work 5 days a week at the Hospital.  Mr. Alderson did not offer Plaintiff any medical treatment, and, did not provide any accommodation to Plaintiff regarding his workspace.  Plaintiff then complained to Human Resources ("HR") representative Susan Hansen ("Hansen") regarding the workstation and need for accommodation, and, Mr. Alderson's order for him to work at the Hospital 5 days a week.  No response was forthcoming.

16.    Plaintiff is informed and believes and thereon alleges that Defendants failed to immediately provide Plaintiff with workers compensation documentation, and, failed to provide Plaintiff with medical treatment, because Defendants did not want to expend funds on Plaintiff, and, Defendants did not want to damage their workers compensation modification rating, which determines the amount of premiums that Defendants must pay for workers compensation coverage.

17.    In or about March 2015, Plaintiff's cumulative injury became unbearable and Plaintiff reported his exacerbated pain and discomfort to Mr. Zamora.  However, as before, Defendants did not offer nor send Plaintiff for medical treatment.  Defendants again failed to make any effective adjustments to the workstation.  Soon thereafter, Plaintiff's duties were increased.  Exacerbating the situation was the fact that Plaintiff's remote access to the Hospital's computers ended.  Accordingly, Plaintiff was forced to continue working at his workstation at the Hospital under constant pain.

18.    As a result of Defendants failure to provide Plaintiff with medical treatment, Plaintiff sought treatment through his primary care physician with regard to his work-related injury.  Plaintiff was prescribed medical leave for 6 weeks by his treating

Smith & Associates, P.C.

physician, and was receiving physical therapy during that time. Plaintiff was subsequently released by to work by his treating physician with certain restrictions, including, without limitation, making adjustments to Plaintiff's workstation. However, Defendants yet again failed to substantively adjust the workstation and failed to accommodate Plaintiff. Plaintiff was thereafter forced to return to his treating physician who ordered Plaintiff off work until the workstation was made ergonomically compliant and/or Defendants accommodated Plaintiff.

19. As a consequence of Defendants' conduct, Plaintiff's condition did not improve and Plaintiff remained under the treatment of his physician and was ordered on medical disability from July 2015 to December 21, 2015. Still, in August 2015, Plaintiff again informed Defendants that the workstation remained ergonomically defective after inspecting it, at Defendants' request, and after being observed by Defendants for two hours. Moreover, Plaintiff was never paid by Defendants for his time at the Hospital at Defendants' request.

20. On December 4, 2015, Plaintiff was contacted by Katrina Hefner ("Hefner") from Defendants' Human Resource Department and was ordered to return to work. Plaintiff informed Ms. Hefner that he was on leave until December 21, 2015 by order of his physician, and that he had a follow-up appointment with his treating physician on December 7, 2015. When Plaintiff contacted Ms. Hefner on the morning of December 7, 2015, and inquired about the work restrictions placed by his physician, Plaintiff was informed by Ms. Hefner that he was terminated. On or about December 9, 2015, Plaintiff received a termination letter, effective December 15, 2015. Plaintiff was later informed by a former co-worker at the Hospital that the workstation occupied by him was later relocated into an office with a desk. Plaintiff was also informed that Defendants have continued to allow other employees to work remotely from outside the Hospital.

21. Although aware of Plaintiff's injury and need for accommodation, as alleged above, Defendants, and each of them, failed and refused to engage Plaintiff in an

interactive process, and, failed and refused to assess what accommodations Plaintiff required in order to reunite him with his job.  Further, Defendants, and each of them, took no affirmative action to accommodate Plaintiff's injury and work restrictions.

22.    As time progressed, Defendants' failure to accommodate Plaintiff's injuries caused added pain and discomfort to Plaintiff.  Plaintiff continued to complain to Defendants about Plaintiff's injury, need for accommodation, and worsening condition resulting from Defendant's failure to engage Plaintiff in an interactive process and accommodate Plaintiff.  Nevertheless, Defendant continued to fail and refuse to address or remedy Plaintiff's concerns.

23.    As a consequence of Defendant's failure and refusal to address Plaintiff's concerns, and, provide medical treatment, Plaintiff was forced to file a workers compensation claim out of concern for his safety and wellbeing.  For each time that Plaintiff received medical treatment and a physician's report, Plaintiff promptly forwarded the same to Defendants.

24.    It is axiomatic that as a result of Plaintiff sustaining the on-the-job injury, of complaining about the same to Defendant, of seeking medical treatment under the workers compensation laws, of pursuing his rights to medical treatment, and for complaining about working conditions, Plaintiff was subjected to harassment, retaliation and discrimination, and was denied advancement and promotion, and, was wrongfully terminated from his employment.

25.    Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated November 30, 2016.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 *ET SEQ.*

#### (Against all Defendants)

26.    Plaintiff refers to all allegations contained in paragraphs 1-25, inclusive and

by such reference incorporates the same herein as though fully realleged in detail.

27. California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.

28. Plaintiff has a physical disability consisting of, *inter alia*, injury to his neck, shoulders, mid and low back, and wrists.

29. Defendant was aware of Plaintiff's physical disability, as herein alleged, because Plaintiff specifically reported said physical disability directly to Defendant via Defendant's managing agents and/or Plaintiff's treating physician sent medical status reports directly to Defendant.

30. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

31. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's physical disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff's medical restrictions, denied Plaintiff advancement, and terminated Plaintiff.

32. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's physical disability, in violation of FEHA, and particularly *Gov't Code* §12940(a).

33. As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be less than three hundred and fifty thousand dollars.

34.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

35.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

36.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

37.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

38.     Plaintiff is informed and believes and thereon alleges that his disability was a motivating factor in the decision of Defendant to discriminate against his.

39.     The outrageous conduct of Defendant, and each of them, especially against an employee with the length of service as Plaintiff, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

40.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

41.     Plaintiff also continues to incur attorneys' fees and legal expenses in an

amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*.

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940(m)**

**(Against all Defendants)**

42.    Plaintiff refers to all allegations contained in paragraphs 1-41, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

43.    Plaintiff has a physical disability consisting of, *inter alia*, injury to his neck, shoulders, mid and low back, and wrists.

44.    Defendant was aware of Plaintiff's physical disability, as herein alleged, because Plaintiff specifically reported said physical disability directly to Defendant via Defendant's managing agents and/or Plaintiff's treating physician sent medical status reports directly to Defendant.

45.    From the time that Plaintiff sustained the physical disability until the time of his termination, Defendant failed and refused to reasonably accommodate Plaintiff's needs, and, failed to address Plaintiff's needs in light of his physical disabilities.

46.    At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's physical and mental disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

47.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

48.    As a direct, foreseeable, and proximate result of Defendant's wrongful

conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount subject to proof at the time of trial, but believed to be less than three hundred and fifty thousand dollars.

49.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

50.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

51.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

52.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

53.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

54.     The outrageous conduct of Defendants, and each of them, especially against an employee with the length of service as Plaintiff, as alleged herein, was done with oppression and malice by Defendants and its supervisors and managers, along with

conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendants.

55.     The conduct of Defendants as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

56.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

### (Against all Defendants)

57.     Plaintiff refers to all allegations contained in paragraphs 1-56, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

58.     Plaintiff has a physical disability consisting of, *inter alia*, injury to his neck, shoulders, mid and low back, and wrists.

59.     Defendant was aware of Plaintiff's physical disability, as herein alleged, because Plaintiff specifically reported said physical disability directly to Defendant via Defendant's managing agents and/or Plaintiff's treating physician sent medical status reports directly to Defendant.

60.     From the time that Plaintiff sustained the physical disability until the time of his termination, Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with his job in light of his injuries and work restrictions.

61.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendants.  At no time would the performance of the functions of the employment position, with a reasonable

Smaili & Associates, P.C.

accommodation for Plaintiff's physical and mental disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendants' business.

62.     Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

63.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount subject to proof at the time of trial, but believed to be less than three hundred and fifty thousand dollars.

64.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

65.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendants ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

66.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

67.     Plaintiff is informed and believes and thereon alleges that Defendants have a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendants ratified the discriminatory and retaliatory conduct which, in turn,

1  directly caused a vicious cycle of wrongful conduct with impunity.

2      68.    Plaintiff is informed and believes and thereon alleges that Defendant's

3  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

4  Defendant to discriminate against him and ultimately terminate him.

5      69.    The outrageous conduct of Defendants, and each of them, especially against

6  an employee with the length of service as Plaintiff, as alleged herein, was done with

7  oppression and malice by Defendant and its supervisors and managers, along with

8  conscious disregard of Plaintiff's rights, and were ratified by those other individuals who

9  were managing agents of Defendants.

10     70.    The conduct of Defendants as alleged hereinabove was done with malice,

11  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

12  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

13     71.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

14  amount according to proof at the time of trial which fees and expenses are recoverable

15  pursuant to *Gov't Code* §12900 *et seq.*

16  ### FOURTH CAUSE OF ACTION

17  ### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION

18  ### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

19  ### (Against all Defendants)

20     72.    Plaintiff refers to all allegations contained in paragraphs 1-71, inclusive and

21  by such reference incorporates the same herein as though fully realleged in detail.

22     73.    During the course of employment, Defendants, and each of them, failed to

23  prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

24  of his disability and participation in protected conduct in violation of *Government Code*

25  §12940(k).

26     74.    As a direct result of the wrongful conduct of Defendants, Plaintiff suffered,

27  and continues to suffer, substantial losses in earnings and other benefits in an amount

28  according to proof at the time of trial.

75.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

76.     Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendants, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendants.

77.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

78.     These unlawful acts were further encouraged by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.   The conduct of Defendants alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

79.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE §12940(h)

### (Against all Defendants)

80.     Plaintiff refers to all allegations contained in paragraphs 1-79, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

81.     At all times herein mentioned, FEHA, *Government Code* §12940(h), was in

full force and effect and was binding on Defendants. This statute requires Defendants to refrain from retaliating against Plaintiff.

82.     Plaintiff is informed and believes and thereon alleges that as a consequence of lodging complaints with Defendants, coupled with Plaintiff's disability sustained while on-the-job for which workers compensation coverage was required along with reasonable accommodation, Defendants took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with his job, failing to determine the essential functions of Plaintiff's job, denying Plaintiff advancement and/or promotion, and ultimately discharging him from employment.

83.     Defendants unlawfully retaliated against Plaintiff after he engaged in protected activity after being injured on the job, such as without limitation, filing or intending to file for workers' compensation benefits due to safety concerns and requesting accommodation, and, lodging workplace complaints.

84.     As a proximate result of Defendants' willful, knowing, and intentional conduct against Plaintiff, she has sustained and continues to sustain substantial losses in his earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and sleep dysfunction, all to his damage in a sum according to proof.

85.     These unlawful acts were further encouraged by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendants' willful, knowing, and intentional discrimination against Plaintiff which culminated in his constructive discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

86.     Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

///

///

COMPLAINT

16

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION

### (Against all Defendants)

87.    Plaintiff refers to all allegations contained in paragraphs 1-86, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

88.    Plaintiff informed Defendants that she suffered an injury within the course and scope of his employment, and Defendants learned that Plaintiff would cause, and actually caused, to be filed a workers' compensation claim out of concern for his personal and medical safety and well-being, and, she complained to Defendants about his working conditions and lack of medical attention.

89.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

90.    *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

91.    *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

92.    *Labor Code* §1102.5 makes it illegal for an employer to retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. The "whistleblowing" provisions of *Labor Code* §1102.5 also extend to complaints made by employees to their private employers. Green v. Ralee Eng. Co. (1998) 19 Cal 4th 66.

93.    *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

94.    At all times herein mentioned, California law prohibited employers from retaliating against, discriminating against or terminating employees because the employee files for benefits under the Workers' Compensation Act out of concern for their personal

Smaili & Associates, P.C.

and medical safety and well-being, or, lodges a safety complaint.

95.    At all times herein mentioned, California law prohibited employers from retaliating against, discriminating against or terminating employees due to physical or other disabilities of employees.

96.    Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendant's decision to terminate Plaintiff was the desire to retaliate against him because: (i) she claimed to have been injured within the course and scope of his employment with Defendant, (ii) she requested an accommodation and interactive process, (iii) she sought to exercise his rights under the Workers' Compensation Act out of fear for his personal and medical well-being and safety, and (iv) she lodged complaints about workplace safety and lack of medical care.

97.    Plaintiff is informed and believes and thereon alleges that these factors made up Defendants' decision to terminate Plaintiff or played an important and integral role in said decision. Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

98.    As a proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in his earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and loss of sleep/sleep dysfunction, all in an amount subject to proof at the time of trial, but believed to be less than three hundred and fifty thousand dollars.

99.    In light of Defendants' willful, knowing, and intentional discrimination against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

100.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays eave of court to amend this Complaint when said amounts are more fully known

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Smalti & Associates, P.C.

### **SEVENTH CAUSE OF ACTION**

### **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

### **(Against all Defendants)**

101.   Plaintiff refers to all allegations contained in paragraphs 1-100, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

102.   Defendants, and each of them, have engaged in unfair and unlawful business practices as set forth above.

103.   *Business & Professions Code* §17200 *et seq.*, prohibits unlawful and unfair business practices.

104.   By engaging in the above-described acts and practices, Defendants and Does 1 to 50, inclusive, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of *Business & Professions Code* §17200 *et seq.*

105.   Defendants and Does 1 to 50, inclusive, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants and Does 1 to 50, inclusive, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

106.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of Defendants and Does 1 to 50, inclusive, and each of them.

107.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code § 17200 *et seq.*, plus interest and costs of suit.

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, all in an amount subject to proof at the time of trial, but believed to be less than three hundred and fifty thousand dollars;

2.  For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3.  For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4.  For pre-judgment and post-judgment interest, according to proof;

5.  For punitive and exemplary damages, according to proof;

6.  For attorneys' fees, according to proof, and pursuant to statute;

7.  For costs of suit incurred herein;

8.  For such other relief and the Court may deem just and proper.

Dated: November 27, 2017          **SMAILI & ASSOCIATES, P.C.**

By: _____
        Jihad M. Smaili, Esq.
        Adam K. Obeid, Esq.
        Attorneys for Plaintiff

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

Dated: November 27, 2017          **SMAILI & ASSOCIATES, P.C.**

By: _____

      Jihad M. Smaili, Esq.
      Adam K. Obeid, Esq.
      Attorneys for Plaintiff

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/04/2017** at 02:25:00 PM

Clerk of the Superior Court
By Vicky Huang, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* CHAMBERLIN EDMONDS & ASSOCIATES, INC., a corporation form unknown; EMDEON, a corporate entity form unknown; CHANGE HEALTHCARE SOLUTIONS, a corporate entity form unknown; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAFAEL FARIAS, an individual.

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* County of Orange - Central Justice Center
700 West Civic Center Drive
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):* 30-2017-00957945-CU-WT-CJC

Judge David Chaffee

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili, Esq., SBN: 262219; SMAILI & ASSOCIATES, P.C., 714-547-4700

600 West Santa Ana Blvd, Suite 202, Santa Ana, CA 92701

DATE: 12/04/2017   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by _____, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

Vicky Huang

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit A - 34

[SEAL] SUPERIOR COURT OF CALIFORNIA · COUNTY OF ORANGE

**Service of Process
Transmittal**
12/12/2017
CT Log Number 532450922

| | |
|---|---|
| **TO:** | LaSonia Moss
Change Healthcare Operations, LLC
3055 Lebanon Pike Ste 1000
Nashville, TN 37214-2239 |
| **RE:** | **Process Served in New York** |
| **FOR:** | Change Healthcare Solutions, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rafael Farias, etc., Pltf. vs. Chamberlin Edmonds & Associates, Inc., etc., et al., Dfts. // To: Change Healthcare Solutions |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Orange County - Superior Court - Orange, CA
Case # 30201700957945CUWTCJC |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On or about 12/15/2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/12/2017 at 08:00 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons |
| **ATTORNEY(S) / SENDER(S):** | Jihad M. Smaili, Esq.
Smaili & Associates, P.C.
600 West Santa Ana Blvd,
Suite 202
Santa Ana, CA 92701
714-547-4700 |
| **REMARKS:** | According to the California Secretary of State, the only entity registered beginning with the name Change Healthcare Solutions is Change Healthcare Solutions, LLC The document(s) received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/12/2017, Expected Purge Date: 12/17/2017

Image SOP

Email Notification,  Sarah Akin  sakin@changehealthcare.com

Email Notification,  Farah Spainhour  farah.spainhour@mckesson.com

Email Notification,  LaSonia Moss  lmoss@changehealthcare.com

Email Notification,  Andrea Douglas Williams  Andrea.Douglas@McKesson.com |
| **SIGNED:** | C T Corporation System |

Page 1 of  2 / BT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A - 35

**Service of Process
Transmittal**
12/12/2017
CT Log Number 532450922

TO:     LaSonia Moss
        Change Healthcare Operations, LLC
        3055 Lebanon Pike Ste 1000
        Nashville, TN 37214-2239

RE:     **Process Served in New York**

FOR:    Change Healthcare Solutions, LLC  (Domestic State: DE)

ADDRESS:            818 West Seventh Street
                    Los Angeles, CA 90017
TELEPHONE:          213-337-4615

Page 2 of  2 / BT

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

Exhibit A - 36